Rick Lawton, Esq.
State Bar # 00694
Law Office Rick Lawton Esq. P.C.
5435 Reno Hwy, Fallon, Nevada 89406
(775) 867-5599
(775) 867-2559 –fax

ROBERT HAGER, ESQ.
NEVADA STATE BAR # 1482
Hager & Hearne
245 East Liberty Street, Suite 110
Reno, Nevada 89501
(775) 329 5800
(775) 329 5819 – facsimile

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

# FOR THE STATE OF NEVADA

| | |
|---|---|
| GRANT MATTHEW YOUNGREN,<br><br>*Plaintiff,*<br><br>vs.<br><br>OWNIT MORTGAGE SOLUTIONS, INC., a California Corporation; FIRST MAGNUS FINANCIAL CORPORATION/CHARTER FUNDING (a Mortgage Broker);, a Foreign Corporation; LITTON LOAN SERVICING L.P.; AMY BLAZER, individually a Nevada Resident; MERSCORP, INC. a Virginia Corporation, MORTGAGE ELECTRONIC REGISTRATION SYSTEM INC., a Subsidiary of MERSCORP, INC., a Delaware Corporation [MERS] and DOES 1-25 CORPRORATIONS, DOES and ROES 1-25 individuals, [Partnerships, or anyone claiming any interest to the property described in the action<br><br>*Defendants.* | Case No. 3:09-cv-00595-ECR-BLG<br><br>**MOTION TO STAY ALL FEDERAL PROCEEDINGS UNTIL THE MOTION TO REMAND TO THE THIRD JUDICIAL DISTRICT, STATE OF NEVADA IS HEARD**<br><br>**DEMAND FOR DISCLOSURE OF INDISPENSABLE PARTY** |

COMES NOW the Plaintiff, above named, by and through his attorney, RICK

1

LAWTON, Esquire of the Law Office of Rick Lawton Esquire, Prof. Corp., a Nevada Professional Corporation, and Hager and Hearne, and hereby respectfully Moves this Court for an Order Staying all Federal Proceedings in this matter pending a determination of the MOTION FOR REMAND.; and for a FURTHER ORDER, requiring Defendants who have appeared to **disclose "indispensable parties."**

This Motion is supported by all pleadings and papers of record, the points and authorities to follow, and any argument that may be presented on a hearing hereon.

I.

## INTRODUCTION

On October 5, 2009 a Petition for Removal from Second Judicial District Court. Case Number CV-09-02548 was filed by Defendant Merscorp, Inc. a Virginia Corporation, MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC., a Subsidiary of MERSCORP, INC., a Delaware Corporation.

On October 7, 2009 Plaintiff filed a Motion To Remand To State Court contending that there is no substantial Federal question on the face of the Complaint; and that there is NOT complete diversity. Plaintiff indicates that the sole causes of actions involve:

| | |
|---|---|
| <u>FIRST CAUSE OF ACTION</u> | (Violation of Unfair Lending Practices, N.R.S. 598D.100) |
| <u>SECOND CAUSE OF ACTION</u> | (Conspiracy to Commit Fraud and Conversion) |
| <u>THIRD CAUSE OF ACTION</u> | (Permanent Injunction ) |

2

| | |
|---|---|
| FOURTH CAUSE OF ACTION | (Fraud Through Omission) |
| FIFTH CAUSE OF ACTION | (Quiet Title Action) |
| SIXTH CAUSE OF ACTION | (Contractual Breach of the Duty of Good Faith and Fair Dealing) |
| SEVENTH CAUSE OF ACTION | (Tortuous Breach of the Implied Duty of Good Faith and Fair Dealing) |
| EIGHTH CAUSE OF ACTION | (Civil Conspiracy) |
| NINTH CAUSE OF ACTION | (Racketeering (NRS 207.470) |
| TENTH CAUSE OF ACTION | (Unjust Enrichment) |
| ELEVENTH CAUSE OF ACTION | (Conspiracy to Commit Fraud Related to MERS System) |
| TWELFTH CLAIM FOR RELIEF | (Fraud in the Inducement) |

Plaintiff has named the original Lender and successors in interest (unknown)[1]. Plaintiff has named loan officers, title officers, parties claiming status of "nominee" beneficiary under the Deed of Trust, as well as any claimed Collection Companies or (servicers) or assigns of any right title and interest to the Deed of Trust or Promissory Note (s).

On October 8, 2009, Defendant Litton Loan Servicing LP, a Delaware limited Partnership filed a Stipulation To Extend Time To Answer Or Otherwise Plead on.[2]

Also on October 8, 2009, Defendant Merscorp, Inc. a Virginia Corporation,

---

[1] Plaintiff has specifically referenced NRS 247.200 in that the name Defendants have failed to record any and all documents effecting real property, which would allow Plaintiff to specifically name the successors in interest to the original Note, or determine the assignees, or parties claiming interest in said note or Deed of Trust had the statute been followed.

[2] Said Defendant did not disclose its standing other than appearing as a named defendant. (it is unclear as to what interest the Defendant has in the action—i.e. collection company (servicer); assignee, or holder of any interest.)

Rick Lawton's Law Office
5435 Reno Hwy.
P.O. Box 1740
Fallon, Nevada 89406
Ph:: 775-867-5599
FAX: 775-867-2559
lawtonrick@earthlink.net

MORTGAGE ELECTRONIC REGISTRATION SYUSTEM, INC., a Subsidiary of MERSCORP, INC. a Delaware Corporation filed a "Certificate of Interest", simply declaring that: "MERS is MERSCORP. Inc.; no public held corporation owns 10% or more of MERS' Stock; MERSCORP, Inc. does not have a parent corporation; and that Federal Home Loan Mortgage Corporation and the Federal national Mortgage Association each owns 10% or more of MERSCORP, Inc.'s stock."[3]

## II.

## ANY FEDERAL PROCEDURES SHOULD BE STAYED PENDING MOTION TO REMAND DETERMINATION

As noted above, Plaintiff has clearly presented to this Court that a review of the entire Complaint filed in State Court does NOT disclose a substantial Federal Question. On the contrary the causes of action affect specific land located in the County and State where the Complaint was filed. The allegations concern conduct of the named and unknown Defendants (to be determined) who were involved in transactions in Nevada, and effecting real property in Nevada. Plaintiff has named Defendants that are believed to be involved in the wrongs alleged, and contributed to the causes of action resulting in establishing "false value of homes," and "false approval of loans" Any the approval of the loan was only based on the ability to pay the "<u>first leg of the adjustable rate loan</u>." In fact the alleged approval of borrower regarding the entire loan was approved on a speculative anticipation of "acquired equity," specifically prohibited by fair lending practices.

---

[3] Said Defendants again only appear as a named Defendant and do not disclose their standing as to being an assignee, beneficiary, holder, or as to what interest they may have in the controversy.

Plaintiff (s) have clearly shown that there are named Nevada residents currently known and others who will be determined that were involved in the transaction and occurrences. This presentation of named and anticipated Defendants clearly indicates that there is NOT complete diversity of citizenship to warrant removal to Federal Court.

The Plaintiff should not be required to proceed in any Federal Procedures until the Remand Motion is determined, because any actions taken in Federal Court by any named Defendants may have to be answered under Nevada State Law, or Nevada State Rules of Procedures.

An Order should enter staying all Federal Proceedings pending Remand Motions.

### III.

**DEFENDANTS THAT HAVE APPEARED IN THE ACTION HAVE NOT DISCLOSED THEIR INTEREST OF STANDING (other than simply appearing as a named Defendant) PLAINTIFF REQUESTS DEFENDANTS DISCLOSE ANY KNOWLEDGE OF "INDISPENSABLE PARTIES" (and their relationship thereto)**

Plaintiff has raised substantial questions in his Complaint regarding violations of the **Nevada Fair Lending action** (NRS 598D.100); violations of **Nevada's Mortgage Lending Fraud** (NS 205.372; and the **Nevada Racketeering Act** (NRS 207.470). The allegations are directed at the initial participants in the procurement of the loan granted to Plaintiff. The allegations include the causes of action by way of conspiracy, as well as ratification by subsequent assignees,

5

holders, collection companies (servicers), and known and unknown individual Nevada residents who participated in the luring of Plaintiff into a loan in violation of not only the Statutes noted herein but the common law claims.

The Defendants that have appeared, have not indicated their interest in the controversy (other than merely appearing as a named Defendant), Plaintiff is concerned that by failing to comply with NRS 247.200 there is no way to determine all necessary parties that should be included in this action. Clearly, NRS 247,200 notes: as follows:

> **"Documents affecting real property to be recorded in county where situated**
>
> A document affecting real property **must** be recorded in the office of the county recorder of the county in which the real property is situated." (emphasis added)

Plaintiff represented to the Court that the Defendants that have appeared in this action, have personal knowledge of specific assignments, transfers, pledges, or other interests belonging to Parties named, and unknown to Plaintiff regarding the Note and Deed of Trust the subject of the litigation.

Unless the Defendants who have appeared are ordered to disclose all interests they have regarding the Note the Deed of Trust, and the transactions complained and disclose their knowledge of unrecorded assignments, transfers, or pledges, Plaintiff may be faced with not being able to include an "**indispensable party**." [ i.e. the holder of the Note, AND true beneficiary of the Deed of Trust, or any holder of equitable interest therein.]

6

There are various interests that are suggested in the Complaint, an example of interest is examined in Ainsworth v. Combined Ins. Co. of America, 774 P.2d 1003, 105 Nev. 237 (Nev., 1989). In examining Judicial Cannons, the Court somewhat explains real and equitable interest as follows:

> "...[105 Nev. 276] (a) The degree of relationship is calculated according to the **civil law system**;
>
> (b) "Fiduciary" includes such relationships as executor, administrator, trustee, and guardian;
>
> (c) "Financial interest" means ownership of a legal or equitable interest, however small, or a relationship as director, advisor, or other participant in the affairs of a party,..."

It is Plaintiff's position and request made herein, that <u>unless full disclosure</u> as to the interest of the Defendants who have appeared to date, and any knowledge by them of other interested parties establishing their participation of the initial transaction, or the on-going transaction would affect the controversy, not only regarding parties but possible jurisdiction challenges.

The law is clear, that, Civil Rules of Nevada Courts (and the similar Federal Rule) indicates:

**"RULE 19. JOINDER OF PERSONS NEEDED FOR JUST ADJUDICATION**

> **(a) Persons to Be Joined if Feasible.** A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the

disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party. If the person should join as a plaintiff but refuses to do so, the person may be made a defendant, or, in a proper case, an involuntary plaintiff....

**(b) Determination by Court Whenever Joinder Not Feasible.** If a person as described in subdivision (a)(1)-(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

**(c) Pleading Reasons for Nonjoinder.** A pleading asserting a claim for relief shall state the names, if known to the pleader, of any persons as described in subdivision (a)(1)--(2) hereof who are not joined, and the reasons why they are not joined."

In Johnson vs. Honson, 572 P.2d 925, 93 Nev 655 (1977) it is clear that to enter an order of Reconveyance setting aside conveyance by party without joining transferee would constitute taking of property from one person and giving it to another without a hearing; nonjoined transferee of property which has been ordered reconveyed could validly force relitigation of issue of propriety of conveyance before coming under any legal duty to recover property.

Additionally, in Schwob v. Hemsath, 646 P.2nd 1212, 98 Nev. 294

8

(1982) the failure to join an indispensable party is fatal to a judgment and may be raised by an appellate court sua sponte.

It is also clear that NRCP Rule 41 notes that:

"**RULE 41. DISMISSAL OF ACTIONS**

**(2) By Order of Court.** Except as provided in subdivision (a)(1) of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

**(b) Involuntary Dismissal: Effect Thereof.** For failure of the plaintiff to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for **failure to join a party under Rule 19**[4], operates as an adjudication upon the merits.

In Potts v. Vokits 101 Nev. 90, 692 P.2d 1304 (1985)

"...An indispensable party is a party who is "necessary" to an action but who, for some reason, cannot be made a party to that action. If a necessary party is found to be unavailable, the court must decide

---

[4] In 1953 the federal rule was revised to eliminate failure to prosecute as a ground for dismissal, since this is covered later. The phrase "failed to prove a sufficient case for the court or jury" was substituted for the phrase "shown no right to relief." The third and fourth sentences, reading "In an action . . . Rule 52(a)." were deleted. The purpose was to retain existing Nevada law, so that every inference in favor of plaintiff must be drawn upon a motion to dismiss. The court, though acting without a jury, is not to consider weight or credibility upon this motion. Dismissal for improper venue was deleted. The 1964 amendment adopts, in part, the 1963 federal rule amendment to provide that dismissal for lack of an **indispensable party** is not an adjudication on the merits. In 1971, the rule was further revised in accordance with the federal amendment, effective July 1, 1966.

9

whether in equity and good conscience the action should proceed. If in equity and good conscience the action cannot proceed without the necessary party, that party is "indispensable" and the case must be dismissed. NRCP 19(b)....."

Also in, Calcote v. Texas Pac. Coal & Oil Co., 157 F.2d 216 (5th Cir., 1946)

"... In diversity cases, the question of indispensable party is inherent in the issue of federal jurisdiction, the determination of which should never await a decision on the merits if the complaint states a cause of action. Jurisdictional questions come first in the orderly disposition of a case. A precarious jurisdiction that limits the scope of judicial decision on the merits cannot be entertained. The same limitation would restrict review on appeal, even on certiorari, and no one could tell whether the court had jurisdiction until it had determined the merits of the controversy. The cases cited by appellee in its supplemental brief, to the effect that the judgment rendered would not interfere with any rights of the royalty owners, may be distinguished from the instant case because they have reference to rights that would continue to exist irrespective of the outcome of the suit..... It is argued that appellee has not raised the question, and that appellants may not now object, having brought the suit without joining indispensable party as plaintiffs or defendants; but it was within the power of the court below to raise the issue of its own motion, since federal jurisdiction depended wholly upon diversity of citizenship and it was impossible to determine whether such diversity existed unless all indispensable parties were before the court and the citizenship of each was a matter of record. Section 50 of the Judicial Code[3] [SEE: Cameron v. McRoberts, 3 Wheat. 591, 4 L.Ed. 467; Shields v. Barrow, 17 How. 130, 15 L.Ed. 158; Kendig v. Dean, 97 U.S. 423, 24 L.Ed. 1061; Gregory v. Stetson, 133 U.S. 579, 10 S.Ct. 422, 33 L.Ed. 792; New Orleans Waterworks v. City of New Orleans, 164 U.S. 471, 17 S.Ct. 161, 41 L.Ed. 518; Niles-Bement-Pond Co. v. Iron Moulders Union, 254 U.S. 77, 41 S.Ct. 39, 65 L.Ed. 145; United Shoe Machinery Co. v. United States, 258 U.S. 451, 42 S.Ct. 363, 66 L.Ed. 708; Commonwealth Trust Co. of Pittsburgh v. Smith, 266 U.S. 152, 45 S.Ct. 26, 69 L.Ed. 219.]..."

Looking to Young v. Garrett, 149 F.2d 223 (8th Cir., 1945) we also note that:

"...Rule 19(a) of Civil Procedure states that "persons having a joint interest shall be made parties and be joined on the same side as plaintiffs or defendants." As stated by the chairman of the committee

Rick Lawton's Law Office
5435 Reno Hwy.
P.O. Box 1740
Fallon, Nevada 89406
Ph:: 775-867-5599
FAX: 775-867-2559
lawtonrick@earthlink.net

which drafted the Rules, this Rule "deals with what we call the necessary joinder of indispensable parties and gives the court power to bring in all parties needed to fully dispose of the case. It gives the court power to omit parties not indispensable if by joining them the court would be deprived of jurisdiction of the case." [SEE: This statement appears in Mr. Mitchell's "Second Lecture" on the Rules (West Publishing Co. print of the Rules, p. 182).] In respect to who are indispensable parties, this Rule is declaratory of the law (Equity Rule 37, 28 U.S.C.A. § 723 Appendix) as it existed before the Rule. [SEE: Capital Fire Ins. Co. v. Langhorne, 8 Cir., 146 F.2d 237, 241; United States v. Washington Inst. of Technology, 3 Cir., 138 F.2d 25, 26.]"

## V.

## CONCLUSION

Plaintiff represents that the Petition for removal was clearly in error as noted in the clear claims of the Complaint filed in State Court. Any Federal Proceedings should be suspended until the Court examines and grants Plaintiff's Motion For Remand.

Since Plaintiff has appeared in this Court with his Petition for removal, it is incumbent that Defendants be required to disclose those parties involved in the transaction and "necessary" for the proper adjudication of the matter. The failure to comply with NRS 247.200 should not be allowed with impunity, but should establish that each Defendant appearing in the action must and should establish their relationship and interest in the controversy and disclose those parties that are necessary and indispensable.

The causes of action are clear on the face of the Complaint, and the suggestion of substantial Federal Question is clearly erroneous. The claim if any, of complete diversity is also in error as established by the parties now name, and to be

named. A ruling on the Motion To Remand should be made, prior to having Plaintiff be required to comply with any Federal Procedures.

Defendants appearance by way of Petition For Removal, must not limit them to argument as to Federal Questions, and Diversity, but should include that requirement that they DISCLOSE THEIR INTEREST, and DISCLOSE THOSE PARTIES NECESSARY that should have been recorded in public records establishing "any documents effecting real property." The failure to so disclose would lead to either an involuntary dismissal, or additional litigation when the property parties are determined.

The controversy before the Court is the borrower, the lender or successor in interest as to the true holder of the Note, and anyone who claims "real or equitable" interest in the Note, or Deed of Trust utilized to secure the payment of said Note.

DATED: This 13th day of October, 2009.

LAW OFFICE RICK LAWTON P.C.

BY: _____
RICK LAWTON, ESQ.
State Bar # 00694
5435 Reno Hwy
Fallon, Nevada 89406
(775) 867-5599
(775) 867-2559

HAGER & HEARNE

BY: _____
ROBERT HAGER, ESQ.
NEVADA STATE BAR # 1482
245 East Liberty Street, Suite 110
Reno, Nevada 89501
(775) 329 5800
(775) 329 5819 – facsimile

Rick Lawton's Law Office

5435 Reno Hwy.
P.O. Box 1740
Fallon, Nevada 89406
Ph:: 775-867-5599
FAX: 775-867-2559
lawtonrick@earthlink.net

## CERTIFICATE OF SERVICE

I hereby certify that on October 13th, 2009, I electronically filed the foregoing **MOTION TO STAY ALL FEDERAL PROCEEDINGS UNTIL THE MOTION TO REMAND TO THE THIRD JUDICIAL DISTRICT, STATE OF NEVADA IS HEARD DEMAND FOR DISCLOSURE OF INDISPENSABLE PARTY** using the CM/ECF system which will send a notice of electronic filing to all parties as listed on the Notice of Electronic Filing.

/s/ Lavinia Johnson
Lavinia Johnston

Rick Lawton's Law Office
5435 Reno Hwy.
P.O. Box 1740
Fallon, Nevada 89406
Ph:: 775-867-5599
FAX: 775-867-2559
lawtonrick@earthlink.net