Patrick G. Byrne (Nevada Bar No. 7636)
pbyrne@swlaw.com
Andrew D. Sedlock (Nevada Bar No. 9183)
asedlock@swlaw.com
Erica Stutman (Nevada Bar No. 10794)
estutman@swlaw.com
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169
Telephone (702) 784-5200

Attorneys for Defendants MERSCORP, INC. and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

### (NORTHERN DIVISION - RENO)

| | |
|---|---|
| GRANT MATTHEW YOUNGREN,<br><br>*Plaintiff,*<br><br>vs.<br><br>OWNIT MORTGAGE SOLUTIONS, INC., a California Corporation; FIRST MAGNUS FINANCIAL CORPORATION/CHARTER FUNDING (a Mortgage Broker), a Foreign Corporation; LITTON LOAN SERVICING, LP, a Delaware Limited Partnership; AMY BLAZER, individually a Nevada resident; MERSCORP, INC., a Virginia Corporation, MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC., a subsidiary of MERSCORP, INC., a Delaware Corporation, [MERS]; and DOES 1-25 CORPORATIONS, DOES and ROES 1-25 Individuals, [Partnerships, or anyone claiming any interest to the property described in the action].<br><br>*Defendants.* | Case No. 3:09-cv-00595-ECR-RAM<br><br>**MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AND MERSCORP, INC.'S RESPONSE TO PLAINTIFF'S MOTION TO STAY ALL FEDERAL PROCEEDINGS UNTIL THE MOTION TO REMAND TO THE THIRD JUDICIAL DISTRICT, STATE OF NEVADA IS HEARD AND DEMAND FOR DISCLOSURE OF INDISPENSABLE PARTY** |

Defendants MERSCORP, INC., a Delaware Corporation (wrongfully named as MERSCORP, INC., a Virginia Corporation) and Mortgage Electronic Registration Systems, Inc., a subsidiary of MERSCORP, Inc., a Delaware Corporation ("MERS"), hereby responds to Plaintiff Grant Matthew Youngren's ("Plaintiff") "Motion to Stay all Federal Proceedings Until

10636906

the Motion to Remand to the Third Judicial District, State of Nevada is Heard and Demand for Disclosure of Indispensable Party" ("Motion") (Doc. # 10).

In response, MERS states that (1) MERS does not oppose a stay of this case until the court resolves Plaintiff's Motion to Remand and any oppositions in response, and (2) MERS opposes and requests denial of Plaintiff's "Demand for Disclosure of Indispensable Party," (the "Disclosure Demand"). In support, MERS states the following.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. MERS DOES NOT OPPOSE A STAY OF THIS CASE UNTIL THE COURT RESOLVES PLAINTIFF'S MOTION TO REMAND

While MERS strongly believes this case is properly removed under 28 U.S.C. §§ 1331 and 1332 and, accordingly, governed by the Federal Rules of Civil Procedure, MERS does not oppose a stay of this case until the court has had an opportunity to review and resolve MERS' Notice of Removal (Doc. # 1), Plaintiff's Motion to Remand (Doc. # 4), and any and all oppositions filed in response, including MERS' opposition to Plaintiff's Motion to Remand, which will be filed on or before the response deadline of October 25, 2009.

### II. MERS OPPOSES PLAINTIFF'S DEMAND FOR DISCLOSURE OF INDISPENSABLE PARTY

Plaintiff, in his Motion, requests that the Court require Defendants to disclose "their relationship and interest in the controversy and disclose the parties that are necessary and indispensable." Motion at p. 11 (Doc. # 10). Plaintiff, however, cites to no authority which would require Defendants to list additional parties for Plaintiff to join in this action or to disclose any information whatsoever prior to the opening of discovery. Indeed, no such authority exists and discovery has not begun in this case. *See* Fed. R. Civ. Proc. 26(d) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f) . . . ."). Moreover, Plaintiff has simultaneously requested a stay of this case. Plaintiff simply cannot have it both ways. Plaintiff's Disclosure Demand has no legal basis and should be denied.

For the foregoing reasons, MERS does not oppose a stay of this case until the court resolves MERS' Notice of Removal, Plaintiff's Motion to Remand, and any oppositions in response, but requests that this Court deny Plaintiff's Disclosure Demand.

DATED: October 14, 2009                     SNELL & WILMER L.L.P.


                                             By:  /s/ Erica J. Stutman
                                                  Patrick G. Byrne, Esq.
                                                  Nevada Bar No. 7636
                                                  Andrew D. Sedlock, Esq.
                                                  Nevada Bar No. 9183
                                                  Erica J. Stutman, Esq.
                                                  Nevada Bar No. 10794
                                                  3883 Howard Hughes Pkwy, Suite 1100
                                                  Las Vegas, NV 89169

                                                  *Attorneys for Defendants MERSCORP Inc. and*
                                                  *Mortgage Electronic Registration Systems, Inc.*

10636906

## CERTIFICATE OF SERVICE

I hereby certify that on October 14, 2009, I electronically filed the foregoing MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AND MERSCORP, INC.'S RESPONSE TO PLAINTIFF'S MOTION TO STAY ALL FEDERAL PROCEEDINGS UNTIL THE MOTION TO REMAND TO THE THIRD JUDICIAL DISTRICT, STATE OF NEVADA IS HEARD AND DEMAND FOR DISCLOSURE OF INDISPENSABLE PARTY using the CM/ECF system which will send a notice of electronic filing to all parties as listed on the Notice of Electronic Filing.

An Employee of Snell & Wilmer L.L.P.

10636906

- 4 -