Gary Schnitzer, Esq.
Nevada Bar No. 395
Kravitz, Schnitzer, Sloane & Johnson, Chtd.
8985 Eastern Avenue, Suite 200
Las Vegas, Nevada 89123
Direct:  702 222-4142
Office:  702 362-6666
Fax:     702 362-2203
Email:  gschnitzer@kssattorneys.com

R. Bruce Allensworth[*]
Brian M. Forbes, *pro hac vice*
Gregory N. Blase, *pro hac vice*
K&L GATES LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111
Tel. (617) 261-3100
Fax (617) 261-3175
Email:  bruce.allensworth@klgates.com
        brian.m.forbes@klgates.com
        gregory.blase@klgates.com
**Attorneys for Litton Loan Servicing LP**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| GRANT MATTHEW YOUNGREN,<br><br>        Plaintiffs,<br><br>vs.<br><br>OWNIT MORTGAGE SOLUTIONS, INC.;<br>FIRST MAGNUS FINANCIAL<br>CORPORATION/CHARTER FUNDING;<br>LITTON LOAN SERVICING LP; AMY<br>BLAZER; MERSCORP, INC.;<br>MORTGAGE ELECTRONIC<br>REGISTRATION SYSTEM, INC.; DOES<br>1-25 CORPORATIONS; and DOES and<br>ROES 1-25 INDIVIDUALS<br><br>        Defendants. | Case No. 3:09-cv-00595-ECR-RAM<br><br>**LITTON LOAN SERVICING LP'S<br>RESPONSE TO PLAINTIFF'S<br>MOTION TO STAY AND "DEMAND<br>FOR DISCLOSURE"<br>INDISPENSABLE PARTY** |

Defendant Litton Loan Servicing LP ("Litton"), through its counsel, respectfully submits the following response to the Motion by plaintiff Grant Matthew Youngren ("Youngren") to Stay

---
[*]       Of counsel, *pro hac vice* motion to be filed shortly.

Pending Resolution of Plaintiff's Motion to Remand and "Demand for Disclosure" of Indispensable Party (Docket No. 10), dated October 13, 2009 ("Motion").  In his Motion, Youngren asks the Court to: (1) stay proceedings in this matter pending the Court's determination of Youngren's Motion to Remand; and (2) order defendants to "disclose 'indispensable parties'"  As to Youngren's request for a stay pending resolution of his Motion to Remand, Litton takes no position as to the propriety of that request.  As to Youngren's request that the Court order Litton to "disclose indispensable parties," Litton objects to any such request because, even assuming Litton had knowledge of the existence of so-called "indispensable parties," there is no basis in law to require Litton to disclose that information at this stage of the litigation and plaintiff's request is procedurally defective.

**The Court Should Deny Youngren's "Demand for Disclosure"**

On August 24, 2009, Youngren filed a Complaint against Litton and others in Nevada State Court.  The Complaint purports to set forth twelve separate causes of action, including claims for fraud, racketeering under Nevada law, and various alleged conspiracies to commit fraud.  On October 5, 2009, MERSCORP, Inc., and Mortgage Electronic Registration Systems, Inc. ("MERS") removed this action to this Court.  On October 13, 2009, Youngren filed the instant Motion, in which, among other things, Youngren "demands" that Litton disclose its interest, if any, in "the Note, Deed of Trust, and the transactions complained and" further, to disclose its "knowledge of unrecorded assignments, transfers, or pledges."  Motion at 6.  Youngren apparently seeks this information to avoid involuntary dismissal under Rule 41 for failure to join all necessary parties, Motion at 9, and because Youngren is "unclear as to what interest [Litton] has in the action." Motion at 3, n. 2.  In other words, now that he admits he has no idea whether his claims against Litton have any factual support, Youngren seeks the disclosure of certain information before the parties have even had an opportunity to respond to the Complaint.

In short, the Federal Rules of Civil Procedure do not provide for this peculiar form of relief.  Rather, under Rule 8(a), the Complaint must "contain a short and plain statement of the

claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). In *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007), the United States Supreme Court held that the mandate to allege the grounds upon which the claim for relief rests "requires more than labels and conclusions," and that "a formulaic recitation of the elements of a cause of action will not do." The United States Supreme Court reiterated this standard just two months ago in, *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1953 (May 18, 2009). In that case, the Court stated that Rule 8(a) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949 (2009). Moreover, because fraud must be pled with particularity under Rule 9(b), plaintiff cannot file a Complaint with no support in the hopes that discovery will later disclose a basis for his claims. *See, e.g., McFarland v. Memorex Corp.*, 493 F. Supp. 631, 639 (C.D. Cal. 1980) (stating that "if plaintiff cannot allege even the barest details, he cannot rely on discovery to make his case"); *Abrahamson v. Western Sav. and Loan Ass'n*, Civ. No. 88-1677 PHX WPC, 1989 WL 259997 at *6 (D. Ariz. Feb. 15, 1989) (stating that "[t]he philosophy to 'sue first, ask questions later' is discouraged by the particularity requirements of Rule 9(b)"). The burden at this stage in the pleadings rests squarely on plaintiff to submit a Complaint that complies with Rules 8, 9(b), and 12 of the Federal Rules of Civil Procedure. Having failed to do so, Youngren is not entitled to seek discovery before the pleadings are closed to bolster his admittedly deficient pleadings. *See id*. Specifically, he has provided no support for this contention, and Litton is aware of none.

In light of the above, the better course would be to deny Youngren's "demand for disclosure" and defer discovery in this matter until such time after the pleadings have closed.

1
2           Respectfully submitted,
3
            */s/ Brian M. Forbes*
4           Gary Schnitzer, Esq.
            Nevada Bar No. 395
5           Kravitz, Schnitzer, Sloane & Johnson, Chtd.
            8985 Eastern Avenue, Suite 200
6           Las Vegas, Nevada 89123
            Direct:  702 222-4142
7           Office:  702 362-6666
            Fax:     702 362-2203
8           Email:  gschnitzer@kssattorneys.com
9
            R. Bruce Allensworth[*]
10          Brian M. Forbes, *pro hac vice*
            Gregory N. Blase, *pro hac vice*
11          K&L GATES LLP
            State Street Financial Center
12          One Lincoln Street
            Boston, MA 02111
13          Tel. (617) 261-3100
            Fax  (617) 261-3175
14          Email:  bruce.allensworth@klgates.com
                    brian.m.forbes@klgates.com
15                  gregory.blase@klgates.com
            **Attorneys for Litton Loan Servicing LP**
16
17   Dated: October 26, 2009
18
19
20
21
22
23
24
25
26
27
     _____
28   *       Of counsel, *pro hac vice* motion to be filed shortly.

## CERTIFICATE OF SERVICE

Pursuant to Local Rule 5-1, I hereby certify that on October 26, 2009, I electronically transmitted the above **Litton Loan Servicing LP's Response To Plaintiff's Motion To Stay And "Demand For Disclosure" Indispensable Party** to the Office of the Clerk of the United States District Court for the District of Nevada using the Court's CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all counsel of record in this matter; all counsel being registered to receive Electronic Filing.

*/s/ Brian M. Forbes*
Brian M. Forbes