Rick Lawton, Esq.
State Bar # 00694
Law Office Rick Lawton Esq. P.C.
5435 Reno Hwy, Fallon, Nevada 89406
(775) 867-5599
(775) 867-2559 –fax

ROBERT HAGER, ESQ.
NEVADA STATE BAR # 1482
Hager & Hearne
245 East Liberty Street, Suite 110
Reno, Nevada 89501
(775) 329 5800
(775) 329 5819 – facsimile

Attorney for Plaintiff

## UNITED STATES DISTRICT COURT

## FOR THE STATE OF NEVADA

| | |
|---|---|
| GRANT MATTHEW YOUNGREN,<br><br>*Plaintiff,*<br><br>*vs.*<br><br>OWNIT MORTGAGE SOLUTIONS, INC., a California Corporation; FIRST MAGNUS FINANCIAL CORPORATION/CHARTER FUNDING (a Mortgage Broker):, a Foreign Corporation; LITTON LOAN SERVICING L.P.; AMY BLAZER, individually a Nevada Resident; MERSCORP, INC. a Virginia Corporation, MORTGAGE ELECTRONIC REGISTRATION SYSTEM INC., a Subsidiary of MERSCORP, INC., a Delaware Corporation [MERS] and DOES 1-25 CORPRORATIONS, DOES and ROES 1-25 individuals, [Partnerships, or anyone claiming any interest to the property described in the action<br><br>*Defendants.* | Case No. 3:09-cv-00595-ECR-BLG<br><br><br><br>**REPLY TO DEFENDANTS' MERS RESPONSE TO PLAINTIFFS' DEMAND FOR DISCLOSURE OF INDISPENSABLE PARTY** |

COMES NOW the Plaintiff, above named, by and through his attorney, RICK

1

LAWTON, Esquire of the Law Office of Rick Lawton Esquire, Prof. Corp., a Nevada Professional Corporation, and in reply to response [14]  to Plaintiff's demand for disclosure [10]. This response and Reply is supported by all pleadings and papers of record and the following points and authorities, and any oral argument the Court will request.

## MEMORANDUM OF POINTS AND AUTHORITIES

I.
### INTRODUCTION

Defendant MORTGAGE ELECTRONIC REGISTRATION SYSTEMS and MERSCORP, INC. has addressed Plaintiffs demand for proper certificate of disclosure of parties as being a request pursuant to a discovery motion. Plaintiff has only responded to Defendants filing of what they claim to be adequate "certificate of Interested Parties." Defendant is correct that Plaintiff is not and does not intend by any action to consent to the jurisdiction of the federal court over this state action, and by these premises reiterate that position.

II.
### LEGAL STANDARD

Defendant(s) have responded to Plaintiff's demand for disclosure of indispensable parties, claiming Plaintiff cites no authority for such request, and that the request falls under Fed. R. Civ. 26(d) "A party may not seek discovery from any source before the parties have conferred as required by Rule 26f…")

Defendant is in error in such a position. It is clear that the "certificate of

2

interested parties" filed by the Defendants may have complied with Fed R. Civ.

Procedures Rule 7.1, Disclosure Statement, which reads in part as follows:

> "…A nongovernmental corporate party must file two
> copies of a disclosure Statement that:
>> (1) Identifies any parent corporation a
>> and any publicly held corporation owning
>> 10% or more of its stock;…"

However, what Plaintiff demanded was that the "certificate of interested

parties"  comply with LR 7.1-1 of Part II which states:

**"LR. 7.1-1 CERTIFICATE AS TO INTERESTED PARTIES.**

> (a)    Unless otherwise ordered, in all cases except *habeas corpus* cases counsel for private (nongovernmental) parties shall identify in the disclosure statement required by Fed. R. Civ. P. 7.1 all persons, associations of persons, firms, partnerships or corporations (including parent corporations) which have a <u>direct, pecuniary interest in the outcome of the case.</u>

The disclosure statement shall include the following certification:

> "The undersigned, counsel of record for, certifies that the following **have <u>an interest in the</u> <u>outcome of this case</u>: (here list the names of all such parties and <u>identify their connection and interests</u>).** These representations are made to enable judges of the Court to evaluate possible disqualification or recusal.

> Signature, Attorney of          ——Record for

> (b)    If there are no known interested parties other than those participating in the case, a statement to that effect will satisfy this rule.

> (c)    A party must promptly file a supplemental certification upon any change in the information that this rule requires."

Plaintiff is clearly representing to the Court that there are known and unknown

Nevada residence and others that may be brought into the case. Defendant believes

that removal is appropriate and is proceeding accordingly. Plaintiff awaits the order of

remand, and addresses those documents filed.

Supporting the remand request Plaintiff suggested:

Plaintiff has raised substantial questions in his Complaint regarding violations of the **Nevada Fair Lending action** (NRS 598D.100); violations of **Nevada's Mortgage Lending Fraud** (NS 205.372; and the **Nevada Racketeering Act** (NRS 207.470). The allegations are directed at the initial participants in the procurement of the loan granted to Plaintiff. The allegations include the causes of action by way of conspiracy, as well as ratification by subsequent assignees, holders, collection companies (servicers), and known and unknown individual Nevada residents who participated in the luring of Plaintiff into a loan in violation of not only the Statutes noted herein but the common law claims.

The Defendants that have appeared, have not indicated their interest in the controversy (other than merely appearing as a named Defendant), Plaintiff is concerned that by failing to comply with NRS 247.200 there is no way to determine all necessary parties that should be included in this action. Clearly, NRS 247,200 notes: as follows:

" **Documents affecting real property to be recorded in county where situated.**

A document affecting real property <u>must</u> be recorded in the office of the county recorder of the county in which the real property is situated." (emphasis added)

Plaintiff represented to the Court that the Defendants, that have appeared

in this action, have personal knowledge of specific assignments, transfers, pledges,

or other interests belonging to Parties named, and unknown to Plaintiff regarding

the Note and Deed of Trust the subject of the litigation.

Since they have voluntarily decided to submit federal pleading in the form of

the certificate of interested parties while the motion to remand is pending, they

should be required to file it properly.

The purpose is clear, so the Court may determine if there is any conflict in

taking the case. What has been filed does not follow the local rules and does not therefore meet the purpose.

Plaintiff only addresses the proper pleading not accepting Federal Jurisdiction.

The local rule is very clear and it does not, as suggested by Defendant, that the request to comply is a request for discovery.

Plaintiff's request should be ordered.

DATED:  This 7th day of November, 2009.


_____ /S/_____
RICK LAWTON ESQ.
State Bar No. 00394

**CERTIFICATE OF SERVICE**

I hereby certify that on November 7, 2009, I electronically filed the foregoing:

**REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFFS' DEMAND FOR DISCLOSURE OF INDISPENSABLE PARTY**

Using the CM/ECF system which will send a notice of electronic filing to all parties

as listed on the Notice of Electronic Filing.

_____/s/ Lavinia Johnston_____
Lavinia Johnston

6