Rick Lawton, Esq.
State Bar # 00694
Law Office Rick Lawton Esq. P.C.
5435 Reno Hwy, Fallon, Nevada 89406
(775) 867-5599
(775) 867-2559 –fax

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

## FOR THE STATE OF NEVADA

GRANT MATTHEW YOUNGREN,

       *Plaintiff,*

vs.

OWNIT MORTGAGE SOLUTIONS , INC.,
A California Corporation; FIRST MAGNUS
FINANCIAL CORPORATION/CHARTER
FUNDING (a Mortgage Broker), a Foreign
Corporation; LITTON LOAN SERVICING,
LP, a Delaware Limited Partnership; AMY
BLAZER, individually a Nevada resident;
MERSCORP, INC. a Virginia corporation,
MORTGAGE ELECTRONIC REGISTRATION
SYSTEM, INC., a subsidiary of MERSCORP,
INC., a Delaware corporation, [MERS];  ; and
DOES 1-25 CORPORATIONS, DOES and
ROES 1-25 Individuals, [Partnerships, or
anyone claiming any interest to the property
described in the action.

       *Defendants.*

Case # **3:09-cv-00595-ECR-RAM**

**RESPONSE TO DEFENDANT**

**MERSCORP, INC. AND
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.'S
MOTION TO STAY ALL
PROCEEDINGS AND FOR
EXTENSION OF TIME TO ANSWER
OR OTHERWISE RESPOND TO
THE COMPLAINT PENDING A
DECISION ON TRANSFER BY THE
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION**

    COMES NOW, Plaintiff, GRANT MATTHEW YOUNGREN (hereinafter

referred to as Youngren) and in  response to the Defendant MERSCORO, INC. and

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.'S [hereinafter

MERS] Motion to Stay all Proceedings and for Extension of time To Answer or

1

RICK LAWTON'S LAW OFFICE

5435 Reno Hwy.
P.O. Box 1740
Fallon, Nevada 89406
Ph:: 775-867-5599
FAX: 775-867-2559
lawtonrick@earthlink.net

1   Otherwise Respond to the Complaint Pending Transfer By The Judicial Panel On

2   Multidistrict Litigation. This response  is supported by all pleadings and papers of

3   record and the following points and authorities, and any oral argument the Court will

4   request.

5

6   ### MEMORANDUM OF POINTS AND AUTHORITIES

7   I.   PRELIMINARY REMARKS:

8   On October 5, 2009 MERS filed a [1] "Petition for Removal" and this matter

9   was removed from the State court to the Federal District Court for Northern Nevada

10   [Reno]. October 7, 2008, Plaintiff filed [4] a Motion to Remand and on October 13,

11   2009 filed [10] a Motion to Stay. October 14, 2009 MERS filed [14] Response to [10]

12   Motion to Stay and on October 23, 2009 filed [18] Response to [4] Motion to

13   Remand.[1] Plaintiff filed [23] [33] [34] and [35] Reply to Responses.

14

15   Plaintiff has also filed [15] [38] placing Defendants on Notice that Plaintiff

16   INTENDS TO WITHHOLD and responses (i.e. motions to dismiss) pending a ruling

17   on Plaintiff's motion for remand.

18   Defendant's present motion appears to side-step the pending matter that

19   must be resolved even before a Decision on transfer by the judicial panel on

20   multidistrict litigation can be made --- should the entire case be remand to State

21   Court.

22

23   **Plaintiff's Motion to Remand [4],  is now under submission and ripe**

24   **for disposition.**

25

26

---

[1]   Defendant Litton Loan Services on October 26 also filed [19] Response to [10] Motion to Stay and [20] Response to [4] Motion to Remand.

RICK LAWTON's LAW OFFICE

5435 Reno Hwy.
P.O. Box 1740
Fallon, Nevada 89406
Ph:: 775-867-5599
FAX: 775-867-2559
lawtonrick@earthlink.net

RICK LAWTON's LAW OFFICE

5435 Reno Hwy.
P.O. Box 1740
Fallon, Nevada 89406
Ph:: 775-867-5599
FAX: 775-867-2559
lawtonrick@earthlink.net

## II. ARGUMENT

### A. PLAINTIFF'S CLAIMS DO NOT REQUIRE EVALUATION OF FEDERAL LAW, OR INVOKE FEDERAL LAW AS THE BASIS FOR RELIEF.

Plaintiff's Complaint focuses on strict violation of State Statute and Common Law contractual and tort theories. Plaintiff has referred to possible violations of the Federal acts only as a compilation to the STATE violations since much of the language may be the same. If the Defendants may have violated the Truth in Lending Act ("TILA"), or the Real Estate Settlement Procedures Act (" RESPA"), or Federal Home Ownership Equity Protection Act ("HOEPA"), the State action is not filed to pursue such conduct, nor has Plaintiff made reference to any such specific violations. Federal law does not preempt this action.

Failure to specifically state any specific Federal act violation or emphasis any specific Federal law violation, in conjunction with the fact Plaintiffs are the masters of their case, precludes removal.

The Nevada Fair Lending act is similar to the Federal Acts, but constitutes a separate and distinct remedy, independent of Federal law. Plaintiffs are entitled to rely upon that remedy in State Court. That Federal law provides a similar remedy does not mandate removal. Plaintiffs do not allege a TILA violation, or any other Federal violation.

Looking to Grable & Sons Metal Prod. v. Darue Engineering & Mfg., 545 U.S.

308 (2005)[2]

it is noted:

"…Federal-question jurisdiction is usually invoked by plaintiffs pleading a cause of action created by federal law, but this Court has also long recognized that such jurisdiction will lie over some state-law claims that implicate significant federal issues, see, e.g., Smith v. Kansas City Title & Trust Co., 255 U.S. 180, 41 S.Ct. 243, 65 L.Ed. 577. Such federal jurisdiction demands not only a contested federal issue, but a substantial one. And the jurisdiction must be consistent with congressional judgment about the sound division of labor between state and federal courts governing § 1331's application. <u>These considerations have kept the Court from adopting a single test for jurisdiction over federal issues embedded in state-law claims</u> between non-diverse parties. **Instead, the question is whether the State-law claim necessarily stated a Federal issue, actually disputed and substantial, which a Federal forum may entertain without disturbing a congressionally approved balance of Federal and State judicial responsibilities**. Pp. 2366-2368…."(emphasis added)

Plaintiff does not state a Federal issue. There are no allegations Defendants failed provide detailed information about credit transactions relative to TILA., or costs and fees in HOEPA, or required forms under RESPA. Plaintiff relies exclusively upon State claims, and is entitled to do so.

This case does not turn on a determination of Federal law, but rather states common law principles, and statutes, which provide an ample and proper basis for resolution. Defendants would have this Court believe the existence of a complementary Federal law allows removal, notwithstanding a Plaintiff's exclusive reliance upon State law. This assertion is inconsistent with the principle of limited jurisdiction, the premise a Plaintiff is the master of his case, and with comity.

---

[2] Even the Grable Court noted: Merrell Dow Pharmaceuticals Inc. v. Thompson, 478 U.S. 804, 106 S.Ct. 3229, 92 L.Ed.2d 650, is not to the contrary. There, in finding **federal jurisdiction unavailable for a state tort claim** resting in part on an allegation that the defendant drug company had violated a federal branding law…

4

Rick Lawton's Law Office

5435 Reno Hwy.
P.O. Box 1740
Fallon, Nevada 89406
Ph:: 775-867-5599
FAX: 775-867-2559
lawtonrick@earthlink.net

1    Furthermore, Defendants would place this Court in the position of being

2  forced to regularly interpret State laws --- notwithstanding the availability of State

3  Courts.

4

5    In Doran v. Purdue Pharma Co., 324 F. Supp. 2d 1147 (D. Nev, 2004)  it is

6  noted:

7    "…Under the well-pleaded complaint rule, a plaintiff is permitted to structure
a claim in a way that prevents removal from state court. Caterpillar Inc. v.
8    Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). Thus,
the majority of cases heard by a federal court will be those in which "federal
9    law creates the cause of action." Merrell Dow Pharm. Inc. v. Thompson, 478
U.S. 804, 808, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986)…" (emphasis added)
10

11    We may also look to Ultramar America, Ltd. V. Dwell, 900 F.2d 1414, (9th Cir.

12  1990) noting:

13    "…Construing Ultramar's well-pleaded complaint, this court cannot say that
Ultramar's right to relief *necessarily* depends upon construction of a
14    substantial question of any federal environmental law. Although Beacon may
have violated federal environmental laws prior to its acquisition by Ultramar,
15    in which case Ultramar might be entitled to relief, for every stated cause of
action, **an alternative theory of relief, one dependent solely upon**
16    **construction of state law, might also entitle Ultramar to relief** [FN5.
Dwelle asserts that Ultramar could not be entitled to relief unless it
17    established that Beacon violated either the Resource Conservation and
Recovery Act of 1976, 42 U.S.C. § 6901 *et seq.*, or the Comprehensive
18    Environmental Response, Compensation, and Liability Act of 1980, 42
U.S.C. § 9601 *et seq*. However, Ultramar might also establish Dwelle's
19    liability if Beacon violated certain provisions of the California Water Code, §
13000 *et seq*. In its complaint, Ultramar merely alleged that Beacon had
20    violated "environmental laws." **The fact that an alternative theory of relief**
**exists for each claim alleged in the complaint, one not dependent upon**
21    **federal law, is itself grounds to defeat federal question jurisdiction**. [*See*
*Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 810, 108 S.Ct.
22    2166, 2174, 100 L.Ed.2d 811 (1988). (emphasis added)

23

24    There is absolutely no cause of action alleged by Plaintiff that rests on a

25  determination of Federal Law. As noted in the Motion For Remand, Plaintiff

26

Rick Lawton's Law Office

5435 Reno Hwy.
P.O. Box 1740
Fallon, Nevada 89406
Ph:: 775-867-5599
FAX: 775-867-2559
lawtonrick@earthlink.net

specifically quotes each and every allegation.

Plaintiff's claims clearly sound in evaluation of the State Law, and the common law, not Federal question or Federal law.

B. **THERE IS NOT COMPLETE DIVERSITY AND NO FRAUDULENT JOINDER:**

Defendants question adding Defendant AMY BLAZER (diverse defendant) under violations of NRS 598D.100 stating that:

> "Plaintiffs have not pointed to a single allegation in the complaint that Amy Blazer is a mortgagee, beneficiary of a deed of trust, or other creditor (or explained how Amy Blazer, as an employee of one of the defendants, could be a mortgagee, beneficiary of a deed of trust, or other creditor)—as is necessary to establish liability under N.R.S. 598D.100…"[ page 8 lines 7-11]

However such statement ignores the specific language indicating:

> "…Amy Blazer and unknown others, knowingly or intentionally made , or participated in the making of a home loan to Plaintiffs, based solely upon the equity of the borrowers in the home property and without determining that the borrowers has the ability to repay the home loan from other assets,…"

Defendants suggest since AMY BLAZER is not a lender the statutory language does not apply. Should the Court follow such a suggestion Defendant must next present the argument that agents and employees are not personally liable for acts "not within the scope of their employment".

The salient argument by Plaintiff regarding his accepting the loan is that the Defendants through their agents, employees, and representatives specifically and wrongfully represented:

> They (Plaintiffs) were qualified for the loan." But in fact, however, Plaintiff will show that the approval was based upon a payment to income ratio as to the "first leg" of the adjustable rate note, or the first period of the interest only period –not the full loan, not truly qualifying them for the loan.

6

Rick Lawton's Law Office

5435 Reno Hwy.
P.O. Box 1740
Fallon, Nevada 89406
Ph:: 775-867-5599
FAX: 775-867-2559
lawtonrick@earthlink.net

Rick Lawton's Law Office

1

2      Plaintiff further suggests that clear facts exists wherein Defendant lender

3   may very well assert that their employees, agents, or representatives were not

4   directed to approve loans in such an manner. The agents, employees or

5   representatives did not follow their "strict guidelines," and therefore the lender is not

6   liable for violation of the Nevada Fair Lending Act, the individual is liable for acts or

7   wrongs "out of the scope of her emplacement."

8      The factual questions regarding acts of employees or agents is noted in

9   Restatement of Agency 2nd section 229 "Kind of Conduct within Scope of

10  Employment:" including:

11

12      "(1) To be within the scope of the employment, conduct must be of the same
    general nature as that authorized, or incidental to the conduct authorized.

13

14      (2) In determining whether or not the conduct, although not authorized, is
    nevertheless so similar to or incidental to the conduct authorized as to be within the

15  scope of employment, the following matters of fact are to be considered:
        (a) whether or not the act is one commonly done by such servants;

16      (b) the time, place and purpose of the act;
        (c) the previous relations between the master and the servant;

17      (d) the extent to which the business of the master is apportioned between
    different servants;

18      (e) whether or not the act is outside the enterprise of the master or, if within the
    enterprise, has not been entrusted to any servant;

19      (f) whether or not the master has reason to expect that such an act will be done;

20      (g) the similarity in quality of the act done to the act authorized;
        (h) whether or not the instrumentality by which the harm is done has been

21  furnished by the master to the servant;

22      Thus before the Defendant may with impunity state that no liability exists with

23  regard to the conduct alleged by Plaintiff as to the known and named Nevada

24  resident, and the claim that the Nevada Fair Lending Act does not applies to the

25  Defendant  AMY BLAZER, Defendants must "skirt" around the conclusions that

26

7

5435 Reno Hwy.
P.O. Box 1740
Fallon, Nevada 89406
Ph:: 775-867-5599
FAX: 775-867-2559
lawtonrick@earthlink.net

there are factual questions that exist to establish individual liability (i.e. should the Lender disavow her representations to Plaintiff as being within the scope of her employment, or agency relationship with the principle?)

Since the phrase "scope of the employment," is used for the purpose of determining the liability of the master for the conduct of servants, the ultimate question is whether or not it is just that the loss resulting from the servant's acts should be considered as one of the normal risks to be borne by the business in which the servant is employed.

The challenge in the case before the Court, regarding total liability is bridged between the guidelines of the Employer, and the acts of the employee motivated by various incentives (bonuses, perks, etc.). Whether the Employer may escape liability and transfer some of the blame onto the employee is a question of fact. When the ultimate conduct is determined by the trier of fact. AMY BLAZER, though not a licensed "lender" cannot escape violating NRS 598D.100 if it was her that created the "lure" to take the loan, and it was her that specifically utilized and promised that the equity that would be built in the home would be sufficient when the increase in payment hit.

Another set of facts would include the argument AMY BLAZER'S actions specifically prohibited by NRS 598D.100 would expose her under the independent liability is, obviously, the theory of the "conspiracy" to obtain loans when the borrower is not really approved for the loan suggested. The facts may very well include more bonuses, comps, or even additional compensation by approving loans in direct violation of the statute. To now claim she is not subject to liability because

8

Rick Lawton's Law Office

5435 Reno Hwy.
P.O. Box 1740
Fallon, Nevada 89406
Ph:: 775-867-5599
FAX: 775-867-2559
lawtonrick@earthlink.net

1  she is not a lender, would be the same as saying that the driver of the escape

2  vehicle on a bank job is not liable because he is not a "robber."

3      It is Plaintiff's position that the "lender" may not hide behind the employees

4  acts "outside the scope of emplacement," if they give incentives for the employee to

5  approve loans in violation of the Act. Plaintiff's further argument that the employee

6  may not shield themselves from liability for telling the borrower they are approved

7  on loans that they cannot truly pay (that is the entire loan, not just the first leg, of an

8

9  adjustable rate, or first period the interest only period). The individual claiming such

10  approval was following guidelines of the Lender, when they went beyond the

11  guidelines for the sole purpose of receiving the additional bonuses, or perks

12  associated with a non conventional loan.

13

14      The removal statutes are strictly construed and any doubts about

15  removability must be resolved in favor of remanding the case to State Court.

16  Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 108-09 919410; Gaus v. Miles, Inc.

17  980 F.2d 564, 566 (9th cir. 1992).

18      On a motion to remand, the removing Defendant faces a strong presumption

19  against removal and bears the burden of overcoming that presumption and

20  establishing that the requirements for removal have been satisfied. See e.g. Prize

21

22  Frize, Inc. v. Matrix (U.S.) Inc. , 167 F.3rd 1261 (9th Cir. 19990; Mcaa v. Mass. Mut.

23  Life Ins. Co. 330 F. Supp. 2nd 1143, 1146 (D. Nev. 2004).

24      That burden of proof is ordinarily stated as a "preponderance of evidence."

25  Sanchez v. Monumental Life Ins. Co., 102 F.3rd 398, 403-04 (9th Cir. 1996); Gaus,

26  980 F.2d at 567. As noted in §7.06[4], the Ninth Circuit has articulated different

RICK Lawton's Law Office

5435 Reno Hwy.
P.O. Box 1740
Fallon, Nevada 89406
Ph: 775-867-5599
FAX: 775-867-2559
lawtonrick@earthlink.net

9

Rick Lawton's Law Office

5435 Reno Hwy.
P.O. Box 1740
Fallon, Nevada 89406
Ph:: 775-867-5599
FAX: 775-867-2559
lawtonrick@earthlink.net

1    burdens of proof for establishing the requisite amount-in-controversy in a diversity

2    removal. A Plaintiff seeking remand, however, has the burden of proof to an

3    express exception to remove exists. Breuer v. Jim's Concrete of Brevard, Inc. 538

4    U.S. 691, 698 (2003); Serrano v. 180 Connect, Inc., 478 F.3rd 1018, 1023-24 (9th

5    Cir. 2007).

6

7        The grounds for remand listed in § 1447 (c) are described as a lack of

8    subject matter jurisdiction and "and defect other than lack of subject matter

9    jurisdiction." Those grounds, however, are exclusive. See Carnegie-Mellon

10   University v. Cohill, 484 U.S. 343, 353-57 (1988). For example, in state Engineer v.

11   South Fork Bank of the Te-Moak Tribe, 114 F. Supp,. 2nd 1046, 1053-54 (D. Nev.

12   2000), after initially denying the motion to remand, the Nevada district court, on

13   reconsideration, granted remand on grounds of abstention. See also Thermtron

14   Prods v. Hermansdorfer, 423 U.S. 336, 344-46, (1976) (no remand based on

15   crowed court docket); Pelleport Investors, Inc. v. Budco Quality Theatres, Inc. 741

16   F.2d 273 (9th Cir 1984) (remand based on forum selection clause).

17

18       An order of remand may also be based on the supplemental jurisdiction

19   provision, 28 USC § 1367(a), which allows the Federal Court to exercise jurisdiction

20   over State law claims that form part of the same case or controversy. Under 28

21   USC § 1367 (c), a District Court has discretion " to decline to exercise supplemental

22   jurisdiction over" an action if it " has dismissed all claims over which it has original

23   jurisdiction." See also City of Chicago v. Int'l Coll. Surgeons, 522 U.S. 156, 172-74

24   (1997); O'Connor v. Nevada, 27 F.3rd 357, 362 (9th Cir. 1997) In the Ninth circuit, if

25   all claims over which a District Court has original jurisdiction have been dismissed

26

before trial in a removed action, the remaining State-law claims should ordinarily be remanded to State Court. See Acri v. Varian Assocs.  114 F.3rd 999, 1001 (9th Cir. 1997).

The Ninth Circuit has found nothing wrong with Plaintiffs promptly dropping Federal claims and seeking to have a matter remanded. Baddie v. Berkeley Farms, 64 F.3rd 487, 490-91 (9th Cir. 1995).

## CONCLUSION

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994); *Wymbs v. Republican State Executive Comm.*, 719 F.2d 1072, 1076 (11th Cir. 1983). As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution and the Congress of the United States. *Kokkonen*, 511 U.S. at 377.

When a case is originally filed in state court, a party may remove it if the case originally could have been brought in federal court. *See* 28 U.S.C. § 1441(a); *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1207 (11th Cir. 2007), *cert. denied*, 128 S. Ct. 2877 (2008) (holding that "the party seeking a federal venue must establish the venue's jurisdictional requirements" and that removing defendants bear that burden in the context of a motion to remand). The non-moving party may move for remand, however, which the court should grant, if "it appears that the district court lacks subject matter jurisdiction." *See* 28 U.S.C. § 1447(c). Because removal jurisdiction raises

Rick Lawton's Law Office

5435 Reno Hwy.
P.O. Box 1740
Fallon, Nevada 89406
Ph.: 775-867-5599
FAX: 775-867-2559
lawtonrick@earthlink.net

Rick Lawton's Law Office

significant federalism concerns, "removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Burns*, 31 F.3d at 1095.

Among the cases over which a federal district court may exercise subject matter jurisdiction are civil actions in which only state law claims are alleged if the civil action arises under the federal court's diversity jurisdiction. *See* 28 U.S.C. § 1332(a). The diversity statute confers jurisdiction on the federal courts in civil actions "between citizens of different states" in which the jurisdictional amount, currently in excess of $75,000, is met. *Id.*[3]

As noted above, thhe Supreme Court has long recognized that "in certain cases federal-question jurisdiction will lie over state-law claims that implicate significant federal issues." *Grable & Sons Metal Prods., Inc., v. Draue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005) (citing *Hopkins v. Walker*, 244 U.S. 486, 490-91 (1917)). This aspect of federal question jurisdiction ensures that the federal courts have the last say on all substantial questions of federal law. *Id.* Not all state law claims that involve federal law qualify, though. The only state law claims that satisfy the "arising under" requirement are those that "really and substantially involve a dispute or controversy respecting the validity, construction, or effect of federal law." *Id.* (quoting *Shulthis v. McDougal*, 225 U.S. 561 (1912)). Deciding whether a state law claim meets this standard

---

[3] Plaintiff has not addressed the "amount" in controversy in that on the face of the complaint the only value that is being established is the "loss in the equity," as a result of the acts of the Defendants. With the "continued" down swing in the market the amount may or may not exceed the threshold $75,000.00

5435 Reno Hwy.
P.O. Box 1740
Fallon, Nevada 89406
Ph.: 775-867-5599
FAX: 775-867-2559
lawtonrick@earthlink.net

Rick Lawton's Law Office

"calls for a 'common-sense accommodation of judgment to [the] kaleidoscopic situations' that present a federal issue, in 'a selective process which picks the substantial causes out of the web and lays the other ones aside.'" *Id.* (quoting *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 117-118 (1936)). Hence, federal question jurisdiction requires not only a contested federal issue, but "a substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum." *Id.* Ultimately, "the question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities?" *Id.* at 314.

Because removal jurisdiction—and removal jurisdiction based on "substantial" federal questions embedded in state law claims—raises significant federalism concerns, "removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Burns*, 31 F.3d at 1095; *see Grable*, 545 U.S. at 312-14 (requiring an assessment of any disruption to established boundaries between federal and state judicial responsibilities when exercising federal question jurisdiction in cases based upon federal questions embedded in state law claims). Plaintiff at best has only passing reference to federal law.

Plaintiff in his Complaint however, have made it clear that they look to the named Defendants regarding their violations of common law, contract and torts. They specifically address the protection Nevada Laws give Nevada residence

13

5435 Reno Hwy.
P.O. Box 1740
Fallon, Nevada 89406
Ph:: 775-867-5599
FAX: 775-867-2559
lawtonrick@earthlink.net

1   involving lending transaction, full and honest disclosures, and conspiracy.

2       Plaintiff is the master of his case. Plaintiff deliberately pled the case so

3   as to refrain from invoking this Court's limited jurisdiction.

4

5       Ninth Circuit reasoned that "[t]he rule that state law claims cannot be

6   alchemized into federal causes of action by incidental reference ...

7       Additionally:

8       "...[the] so-called "arising under" or "federal question" jurisdiction has
        long been governed by the well-pleaded-complaint rule, which provides that
9       "federal jurisdiction exists only when a federal question is presented on the
        face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*,
10      482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). A federal
11      question "is presented" when the complaint invokes federal law as the basis
        for relief. It does not suffice that the facts alleged in support of an asserted
12      state-law claim would *also* support a federal claim. "The [well-pleaded-
        complaint] rule makes the plaintiff the master of the claim; he or she may
13      avoid federal jurisdiction by exclusive reliance on state law." *Ibid.* See also
        *The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25, 33 S.Ct. 410, 57
14      L.Ed. 716 (1913)....(emphasis added)

15      Plaintiff respectfully requests that the motion to stay be denied to the

16  extent that this court should resolve the motion for remand prior to having the panel

17
18  make any determination as to whether it should entertain the case in the

19  consolidated matter.

20

21      DATED:  This 11th  day of January, 2010.

22

23

24                              /s/
                            _____
25                          RICK LAWTON, Esquire
                            Attorney for Plaintiff
26                          NSB # 00694

                                    14

RICK Lawton's Law Office

5435 Reno Hwy.
P.O. Box 1740
Fallon, Nevada 89406
Ph:: 775-867-5599
FAX: 775-867-2559
lawtonrick@earthlink.net

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## CERTIFICATE OF SERVICE

I hereby certify that on 11 January, 2009, I electronically filed the foregoing:

**REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO REMAND TO THE THIRD JUDICIAL DISTRICT COURT, STATE OF NEVADA**

Using the CM/ECF system which will send a notice of electronic filing to all parties

as listed on the Notice of Electronic Filing.

_____/s/ Lavinia Johnston_____
Lavinia Johnston

RICK Lawton's Law Office

5435 Reno Hwy.
P.O. Box 1740
Fallon, Nevada 89406
Ph:: 775-867-5599
FAX: 775-867-2559
lawtonrick@earthlink.net

15